## LIPPINCOTT v. TANNER.

July 2, 1836.

*Rule to show cause why a sheriff's sale should not be set aside.*

The issuing of a *venditioni exponas* on a judgment, without a previous *fieri facias* levied on the lands, is an irregularity, although the lands have been levied on and condemned by virtue of a *fieri facias* on another judgment against the same defendant. The *venditioni exponas* will be quashed on motion and a sheriff's sale on such writ will be set aside.

*M'CALL* obtained a rule to show cause why the sheriff's sale of lands in this case should not be set aside for irregularity in the process of execution. He said the first process issued upon the judgment in this case was a writ of *venditioni exponas,* and that was not issued till more than a year and a day after the rendition of the judgment, without any revival.

[Lippincott v. Tanner.]

*Hirst* admitted the facts as stated, but contended that there was no irregularity, because the lands sold had been levied and condemned upon a writ of *fieri facias* issued upon another judgment against the same defendant, which was admitted by the counsel who obtained the rule.   M'Cormick *v.* Meason, 1 *Serg. & Rawle* 92.

PER CURIAM.—A writ of *venditioni exponas* must be grounded upon a previous writ of *fieri facias,* issued upon the same judgment : both writs in fact constitute but one execution of the judgment.   The *fieri facias* is necessary to authorize the seizure of lands; the *venditioni exponas* to authorize the sale of them.   In M'Cormick *v.* Meason, the judgment creditors who sold the lands had previously levied them by writs of *fieri facias* issued on their respective judgments. The *venditioni exponas* in this case was irregular, and the rule should have been taken to quash it and all proceedings had under it.   But as the defendant asks only that the sale should be set aside, let it be done ; but the plaintiff will understand that no effectual sale can be made upon this writ.

Rule absolute.

